# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
#### www.flsb.uscourts.gov

In Re: Wilbens Pierrevil                                  Case Number: 19-25240-PGH
                                                          Chapter 13

___ Debtor(s) _____ /

## DEBTOR'S MOTION TO OBTAIN COURT APPROVAL FOR LOAN MODIFICATION WITH LOANCARE, LLC
### (1300 SW 75th Avenue, North Lauderdale, FL 33068)

COMES NOW, the Debtor, Wilbens Pierrevil, by and through the undersigned council, and moves this Court for an order granting bankruptcy court approval for a loan modification of the first mortgage with LoanCare, LLC on the Debtor's homestead property and in support thereof would state as follows:

1. On November 12, 2019, the Debtor in the above-styled cause filed a Petition for Bankruptcy Relief under Chapter 13.

2. The Debtor has been approved by LoanCare, LLC (" Lender") for a Permanent Loan Modification with a monthly payment of $957.60.

3. Attached is a copy of the Loan Modification Agreement.

4. Debtor is requesting the Court approval as a final step in the modification process.

5. Allowing the mortgage modification will not affect any creditors or require the Debtor to modify the confirmed plan.

WHEREFORE, Debtor respectfully request this court to enter an Order Granting their Motion for Court Approval for Loan Modification with LOANCARE, LLC and any other relief this court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail and/or U.S. Mail to the attached service list on this 17th day of February, 2020. I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**LAW OFFICES OF CONWADE D. LEWIS, P.A.**
**3500 North State Road 7**
**Suite # 440**
**Lauderdale Lakes, FL 33319**
**(954)714-1011 tel**
**(954)714-1041 fax**
**vwlewis@aol.com**

**/s/ Conwade D. Lewis**
**Conwade D. Lewis, Esquire**
**Florida Bar No.: 0968455**

**The following parties were served via CM/ECF on February 17, 2020:**
 • **Robin R. Weiner, Trustee**      **ecf@ch13weiner.com; ecf2@ch13weiner.com**
 • **Office of the U.S. Trustee**      **USTPRegion21.MM.ECF@usdoj.gov**

## Back-End Closing Document Checklist                10/22/2019

| Investor #: | 4D1   NEW RESIDENTIAL MORTGAGE | Loan #: | 0038534699   PIERREVIL |
| Loan Type: | FNMA SOL | Closer: | GDL |
| ✓ 1st Set | Complete Copy Received | Bankruptcy: | N/A |

| Pre-signing QC | Post Signing QC |
|---|---|
| [✓] Loan Modification | [✓] EXHIBIT A included |
| [ ] Subordinate Mortgage    [ ] Subordinate Note | [✓] System Change Form (Modification Review) - signed |
| [✓] Stamped "True Copy" page/ First blank page | |
| [ ] System Change Form (**Modification Review**) Attached | [✓] Non-Monetary Adjustment Form - signed |
| [✓] Verify the **Capitalized** Amount matches the Non-Cash Transactions: **Interest Bearing Principal Non Cash Amount** | [ ] Write-off Transmittal Form - signed<br>(if Applicable) |
| | [✓] Lender - signed and dated<br>all required pages |
| [ ] Verify the **Principal Reduction w/PC Funds Amount** matches the Non Cash Transaction's: **Interest earing Principal Non Cash Amount** | [✓] MERS Rep - signed and dated<br>all required pages |
| | [✓] Lender / MERS Notarized - signed / dated / stamped<br>all required pages |
| [✓] Non-Monetary Adjustment Form<br>Completed and Attached | [ ] Subordinate Note      [ ] Partial Claim Mortgage |
| [✓] Write-off Transmittal Form<br>Completed and Attached (if Applicable) | [ ] Bankruptcy Status                          N/A<br>(IF ACTIVE - DO NOT REQUEST BUY-OUT) |
| [✓] Borrower 1 - signed and dated<br>Verified Name is legible & Date is correct | [ ] Loan Requires Buyout    INV Number    4D1 |
| | [ ] Step L02 [REQ POOL BUYOUT] completed |
| [✓] Borrower 2 / Vested - signed and dated | [✓] Modified Due Date    9/1/19    GDL<br>Initials |
| [✓] Verify Borrower Notary - signed / dated / stamped<br>Verified Name & Date is correct<br>Is the stamp legible?  [✓]    [ ] No | [✓] Loan Due Date    10/1/19    GDL<br>(AFTER Suspense Posting)    Initials |
| | [ ] Notate Step X20 [DOCS LENDER EXEUTED] |
| [ ] Witness/Witnesses signed | [ ] Reassign loan to Team 3 Closer |
| | [ ] FNMA Reclassed - Completed |
| [✓] FNMA Reclassed - Completed    3/21/2011 | |
| [✓] Modified Due Date    9/1/2019 | [✓] **PASS**    [ ] **FAIL** |
| [✓] Loan Due Date    10/1/2019 | |
| (AFTER Suspense Posting) | QA'ed by: Gary Daniel |

| Signers: | | Initials | QA'ed by: Gary Daniel |
|---|---|---|---|
| Lender: | JOANNA P. NASH | J.P.N | Second QA by: |
| Mers: | JAY Z. GIBSON | | Reason for Fail: |
| Notary: | MICHELLE M. WILLIAMSON | | |
| Witness 1: | | | |
| Witness 2: | | | |
| Witness 3: | | | |

# MODIFICATION REVIEW FORM

| NAME: | WILBENS PIERREVIL | LCSC LOAN#: | 0038534699 |
| | | MOD REASON CODE | |

00001 CAPITALIZED & REAMORTIZED PMT

| Current Loan Data | |
| --- | --- |
| First Principal Balance: | $76,003.98 |
| Forbeared/Ballooned Principal: | $0.00 |
| Total Loan Balance: | $76,003.98 |
| Interest Rate: | 6.000% |
| Due Date: | 3/1/2019 |
| Remaining Term: | 166 |
| P&I Payment: | $695.48 |
| Escrow Payment: | $516.82 |
| Current PITI: | $1,212.30 |

| Modified Loan Data | |
| --- | --- |
| First Principal Balance: | $80,111.16 |
| Forbeared/Ballooned Principal: | .$0.00 |
| Total Loan Balance: | $80,111.16 |
| Interest Rate | 6.000% |
| Current Due Date | 09/01/19 |
| Current Term | 480 |
| Current P&I | $440.78 |
| Escrow Payment: | $516.82 |
| Modified PITI | $957.60 |
| Rate | fixed |

| UPDATE .MAS1/NOT1 |
| --- |
| New Original Balance |
| $80,111.16 |
| New Original Interest Rt |
| 6.000% |
| New Original Term |
| 480 |

| | Contribution | Delinquency | Capitalized Amount |
| --- | --- | --- | --- |
| | $0.00 | $4,107.18 | $4,107.18 |
| | Breakdown | Breakdown | |
| Delinquent Interest : | 0.00 | .$2,256.29 | $2,256.29 |
| Escrow Advance: | 0.00 | $1,850.89 | $1,850.89 |
| Outstanding Atty Fees/Costs: | 0.00 | $0.00 | $0.00 |
| Capitalized Amount | | | $4,107.18 |
| Current Principal Balance: | | | $76,003.98 |
| | | | $0.00 |
| | 0.00 | | $0.00 |
| Modified Principal Balance that is Included in the amortized schedule | | | $80,111.16 |

**Loan Adjustments:**

| New Maturity Date: | 6/1/2059 |
| --- | --- |
| Current Maturity Date: | 12/1/2032 |

**Non Cash Transactions:**

| Interest Bearing Principal Non Cash Amount | $4,107.18 |
| --- | --- |
| Non-Interest Bearing Principal Non Cash Amount | $0.00 |

| Is this loan a troubled debt restructure? | No |
| --- | --- |

Prepared By:  Melanie Luongo

Requested By:  GDL

Approved By*  LaToya D. Shareiff

LaToya D. Shareiff

MM001
OCTOBER 22, 2019                 NON-MONETARY ADJUSTMENT REQUEST

```
                                      !!FOR ACCOUNTING PURPOSES!!
                                        CHECK APPR. ADJ. TYPE

LOAN # :   0038534699
NAME:      WILBENS PIERREVIL          MOD_____      DISC P/O_____
           JEANICIA PIERREVIL         CHARGE OFF: LOAN __ ISF __
PROPERTY:  1300 S W 75 AVE                        REO __
           NORTH LAUDERDALE FL 33068  PRIN BAL:        _____
                                      H/O(INV BILLED) ADV:_____
INVESTOR:  4D1                        ACCR. INT.:      _____
CATEGORY:  001                        LESS PRO/RECVD:  - _____
INV. LOAN #:  1684592120              LESS SUSPENSE:   - _____
                                        SUBTOTAL:        _____
HIGH TYPE: FIRST MORTGAGE ONLY        LESS BAL OF CHARGE OFF: - ____
LO TYPE:   CONVENTIONAL               TOTAL CHARGE OFF TO G/L: _____


STOPS:  PROCESS M, PIF 0, FC   0
        NOTICE  L, ANA 0, DISB 0


1099-A   _____

## BALANCES##                        ##ADJUSTMENTS##
                            (+) ADD TO BALANCE, (-) REDUCE BALANCE

PRINCIPAL BALANCE:        75,688.52   ⊕ / -  _2,054.20 4,107.18_
2ND PRINCIPAL BALANCE:         .00    + / -  _____
ESCROW BALANCE:                .00    + / -  _____
ADVANCE BALANCE:           1,313.11   + / -  _____
SUSPENSE BALANCE:          1,475.23   + / -  _____
RESTRICTED ESCROW:             .00    + / -  _____
LATE CHARGE DUE:               .00    + / -  _____
DUE DATE:                 04-01-19           ___9/1/19_____

##FORECLOSURE ADVANCE BALANCES#

TAXES:                         .00    + / -  _____
HAZARD INSURANCE:              .00    + / -  _____
MIP/PMI:                       .00    + / -  _____
FORECLOSURE:                   .00    + / -  _____


INV. ADV.:                     .00    + / -  _____
ESC. ADV.:                 1,313.11   + / -  _____
RECOVER ADV.:                  .00    + / -  _____
NON RECOVER ADV.:            353.00   + / -  _____
THIRD PARTY ADV.:              .00    + / -  _____

COMMENTS: GDL
MODIFICATION IN PROCESS

REQUESTED BY:  _____
DATE:              10-22-19

APPROVED BY:   _____
PRINTED NAME:     LaToy D Shareiff
DATE:          _____
```

Successful Completion of the
Trial Period :                    No ▾    Please note, Once "Yes" is selected, All modification fields will no
                                          longer be editable.
                                          Do not select Yes, until you are ready to close the case and have no
                                          additional changes to make on the case.

Trial Extension:

   Extend Trial by One Month?                    No ▾

   If Extending Trial, Is an
Additional Payment Being Required?            No ▾

   If Extending Trial, Do your
Documents Reflect the Extension               No ▾
Option?

   Borrower Final Document
Execution Date: (mm/dd/yyyy)     [          ]

## Recourse Information

Loan Status:                              Certificate ID:

Workout Authorization                     Recourse Insurer name:
Indicator:
                                          Recourse Type:          No Recourse


Before Mod Interest Only Loan:    Yes     Reclassification Date :        03/21/2011

                                          Reclassification Status :      Reclass Successful


## Loan Modification Terms

+Product Type:               Fixed Rate ▾    +How will the Modification Fee    Paid By Fannie Mae
                                             be paid?

+Payment Effective Date:     09/01/2019      Date Rate Locked: (mm/dd/yyyy)   05/07/2019
(mm/dd/yyyy)

+Servicing Fee %:            0.2500          Excess Servicing Fee %:

Total Monthly Income:        $ .00           Total Monthly Expenses:          $ .00

Total Monthly Income Type:                   Workout Fee:                     $ .00

+BRP Submitted Prior to Day  No ▾            +Servicer Evaluation Date:       05/07/2019
90:                                          (mm/dd/yyyy)


+Interest Rate:              5.000

+New Term:                   480             Maturity Date:                   08/01/2059

+P&I Payment Amount:         $ 488.52        FM Calculated P&I Payment        $ 488.52
                                             Amount:


## Investor Reporting Data Source

Last Reported UPB to Fannie   $99,257.41     Principal Forbearance Amount     $0.00
Mae:                                         (Previous Modification):

Last Reported LPI to Fannie
Mae: (mm/dd/yyyy)             03/01/2019

I hereby certify this is a true and correct copy
of the original document sent for recording.

Signature _Gary Daniel_

Certified by _Gary Daniel_

Date _10/22/19_

Loan Care, LLC

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**This Document Prepared By:**
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, TX 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: 0038534699
Investor Loan No.: 1684592120
MERS No.: 1000530 0003285525 0                                           MERS Phone: 1-888-679-6377

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this   16th   day of   August, 2019       ,
between  WILBENS PIERREVIL and JEANICIA PIERREVIL, HUSBAND AND WIFE

("Borrower")

whose address is  1300 S W 75 AVENUE, NORTH LAUDERDALE, Florida 33068
and New Residential Mortgage, LLC, by LoanCare, LLC, as Agent under Limited POA

("Lender"),

whose address is  3637 Sentara Way, Virginia Beach, Virginia 23452
and Mortgage Electronic Registration Systems, Inc.                         ("MERS") ("Mortgagee"),
amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated
November 22nd, 2002     , granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of
record (solely as nominee for Lender and Lender's successors and assigns), P.O. Box 2026, Flint, Michigan 48501-
2026 and recorded on December 3rd, 2002    , in Mortgage Book 34186        , Page 1374              ,
Instrument No. 102453890             , Official Records of  BROWARD        County, Florida         ,
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and
personal property described in said Security Instrument and defined therein as the "Property," located at
1300 S W 75 AVENUE, NORTH LAUDERDALE, Florida 33068

**"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible
tax is $ 0.00 ."**

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**This Document Prepared By:**
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, TX 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: 0038534699
Investor Loan No.: 1684592120
MERS No.: 1000530 0003285525 0

MERS Phone: 1-888-679-6377

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this    16th   day of   August, 2019
between WILBENS PIERREVIL and JEANICIA PIERREVIL, HUSBAND AND WIFE.

("Borrower")

whose address is  1300 S W 75 AVENUE, NORTH LAUDERDALE, Florida 33068
and New Residential Mortgage, LLC, by LoanCare, LLC, as Agent under Limited POA

("Lender"),

whose address is  3637 Sentara Way, Virginia Beach, Virginia 23452
and Mortgage Electronic Registration Systems, Inc.                     ("MERS") ("Mortgagee"),
amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated
November 22nd, 2002    , granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of
record (solely as nominee for Lender and Lender's successors and assigns), P.O. Box 2026, Flint, Michigan 48501-
2026 and recorded on December 3rd, 2002    , in Mortgage Book 34186      , Page 1374
Instrument No. 102453890               , Official Records of BROWARD            County, Florida
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and
personal property described in said Security Instrument and defined therein as the "Property," located at
1300 S W 75 AVENUE, NORTH LAUDERDALE, Florida 33068

**"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible
tax is $ 0.00 ."**

FLORIDA LOAN MODIFICATION AGREEMENT
(FNMA Modified Form 3179 1/01 (rev. 06/18))

Page 1 of 7

Loan No.: 0038534699

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.　　As of September 1st, 2019　　, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 80,111.16　　, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.　　Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of　6.000　%, from August 1st, 2019　　. Borrower promises to make monthly payments of principal and interest of U.S. $ 440.78　　, beginning on the　1st　day of September　, 2019　, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of　6.000　% will remain in effect until principal and interest are paid in full. If on August 1st, 2059　　, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.　　If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.　　Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

(a)　　all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b)　　all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.: 0038534699

    5.      Borrower understands and agrees that:

    (a)      All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)      All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c)      Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (d)      All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

    (e)      Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

    (f)      Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

    (g)      "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee** of record **under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

    6.      If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

    7.      Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been

Loan No.: 0038534699

waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

| | |
|---|---|
| __10/16/19_____ | _____(Seal) |
| Date | WILBENS PIERREVIL    –Borrower |
| __10/16/19_____ | _____(Seal) |
| Date | JEANICIA PIERREVIL    –Borrower |
| _____ | _____(Seal) |
| Date | –Borrower |
| _____ | _____(Seal) |
| Date | –Borrower |

Loan No.: 0038534699

## BORROWER ACKNOWLEDGMENT

State of _Florida_ §
County of _Broward_ §
§

The foregoing instrument was acknowledged before me this _16_ of _October 2019_ [date], by WILBENS PIERREVIL and JEANICIA PIERREVIL

_[name of person acknowledging]_,

who is personally known to me or who has produced _Florida Driver License (both)_ _[type of identification]_ as identification.

MARISA MOHAMMED
Notary Public - State of Florida
Commission # FF 997807
My Comm. Expires Jun 1, 2020

_____
Signature of Person Taking Acknowledgment

_Marisa Mohammed_
Name Typed, Printed or Stamped

Notary Public
Title or Rank

_FF 997807_
Serial Number, if any

My Commission Expires: _June 1, 2020_

Loan No.: 0038534699

_10/22/19_
-Date

New Residential Mortgage, LLC, by
LoanCare, LLC, as Agent under Limited POA-Lender

By: _____

Printed/Typed Name: JOANNA P. NASH
ASSISTANT SECRETARY
Its: _____

## LENDER ACKNOWLEDGMENT

State of Virginia          §
                           §
County of Virginia Beach City §

The foregoing instrument was acknowledged before me this October 22, 2019 _[date]_,
by Joanna P Nash _____, Assistant Secretary _____,
_[name of officer or agent, title of officer or agent]_ of   New Residential Mortgage, LLC, by LoanCare, LLC, as Agent
under Limited POA
                                                                  , on behalf of said entity.

They are personally known to me or has produced_____
                                                        _[type of identification]_ as identification.

(Seal)

MICHELLE M. WILLIAMSON
NOTARY PUBLIC
REGISTRATION # 7564107
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
APRIL 30, 2021

Printed/Typed Name MICHELLE M. WILLIAMSON

Notary Public, State of Virginia _____

My Commission Expires: 04·30·2021 _____

ACKNOWLEDGMENT (FLORIDA)                                    Page 6 of 7

Loan No.: 0038534699

_____ 10/22/19 _____
                                    -Date


Mortgage Electronic Registration Systems, Inc.
as nominee for Lender, its successors and      -MERS
assigns


By: _____

Printed/Typed Name:___ **JAY Z. GIBSON** _____

Its: Assistant Secretary _____


## MERS ACKNOWLEDGMENT

State of Virginia                         §
                                          §
County of Virginia Beach City             §

The foregoing instrument was acknowledged before me this October 22, 2019 *[date]*,
by _____ **JAY Z. GIBSON** _____, Assistant Secretary of Mortgage Electronic Registration Systems,
Inc., as nominee for Lender, its successors and assigns, on behalf of said entity. They are personally known to me or
has produced
_____ *[type of identification]* as identification.


(Seal)                        Michelle M. Williamson _____
                                                    Notary Signature
                              Printed/Typed Name: MICHELLE M. WILLIAMSON

                              Notary Public, State of___ VA _____

        MICHELLE M. WILLIAMSON     My Commission Expires:__ 04-30-2021 _____
           NOTARY PUBLIC
        REGISTRATION # 7564107
      COMMONWEALTH OF VIRGINIA
       MY COMM SSION EXPIRES
          APRIL 30, 2021

Loan No.: 0038534699

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.


_____    -Borrower        _____    -Borrower
WILBENS PIERREVIL                              JEANICIA PIERREVIL


_____    -Borrower        _____    -Borrower


NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)                                    Page 1 of 1

Loan No.: 0038534699

# CORRECTION AGREEMENT

**Borrower(s):** WILBENS PIERREVIL and JEANICIA PIERREVIL

**Property:** 1300 S W 75 AVENUE, NORTH LAUDERDALE, Florida 33068

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is WILBENS PIERREVIL and JEANICIA PIERREVIL.

"Lender" is New Residential Mortgage, LLC, by LoanCare, LLC, as Agent under Limited POA

, and its successors or assigns.

"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.

"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.

"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $80,111.16 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_____  10/16/19        _____
WILBENS PIERREVIL         -Borrower (Date)  JEANICIA PIERREVIL        -Borrower (Date)


_____                  _____
                          -Borrower (Date)                            -Borrower (Date)

CORRECTION AGREEMENT                                              Page 2 of 2

Loan No.: 0038534699

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                          BORROWER:

N/A Modification                                 _____ 10/16/19
_____                        WILBENS PIERREVIL              (Date)
                        (Date)

N/A Modification                                 _____ 10/
_____                        JEANICIA PIERREVIL            (Date)
                        (Date)

_____                        _____
                        (Date)                                          (Date)

_____                        _____
                        (Date)                                          (Date)

ATTORNEY SELECTION NOTICE -MULTISTATE                               Page 1 of 1

I hereby certify this is a true or
of the original document ser
Signature *Mary Daniel*
Certified by *Gary Daniel*
Date *10/22/19*
Loan Care, LLC

**This Document Prepared By:**
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, TX 75251

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

| | |
|---|---|
| Loan No.: 0038534699 | MIN: 1000530 0003285525 0 |
| Investor No.: 1684592120 | MERS Phone: (888) 679-6377 |

# FLORIDA ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Aegis Mortgage Corporation DBA New America, LTD, its successors and assigns, whose address is P.O. Box 2026, Flint, Michigan 48501-2026 ( "Assignor"), hereby assigns and transfer to Mortgage Electronic Registration Systems Inc, As Nominee For New Residential Mortgage LLC, its successors and assigns ("Assignee"), all its right, title and interest in and to a certain Mortgage executed by WILBENS PIERREVIL and JEANICIA PIERREVIL, HUSBAND AND WIFE and bearing the date of the 22nd day of November, 2002 and recorded on the 3rd day of December, 2002, of BROWARD County, State of Florida in Official Records Book 34186, Page 1374, Instrument No. 102453890.

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Tax ID: 494102-14-0620

Commonly known as: 1300 S W 75 AVENUE, NORTH LAUDERDALE, Florida 33068

---

**This Document Prepared By:**
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, TX 75251

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

| | |
|---|---|
| Loan No.: 0038534699 | MIN: 1000530 0003285525 0 |
| Investor No.: 1684592120 | MERS Phone: (888) 679-6377 |

# FLORIDA ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Aegis Mortgage Corporation DBA New America, LTD, its successors and assigns, whose address is P.O. Box 2026, Flint, Michigan 48501-2026 ( "Assignor"), hereby assigns and transfer to Mortgage Electronic Registration Systems Inc, As Nominee For New Residential Mortgage LLC, its successors and assigns ("Assignee"), all its right, title and interest in and to a certain Mortgage executed by WILBENS PIERREVIL and JEANICIA PIERREVIL, HUSBAND AND WIFE and bearing the date of the 22nd day of November, 2002 and recorded on the 3rd day of December, 2002, of BROWARD County, State of Florida in Official Records Book 34186, Page 1374, Instrument No. 102453890.

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Tax ID: 494102-14-0620

Commonly known as: 1300 S W 75 AVENUE, NORTH LAUDERDALE, Florida 33068

---

FLORIDA ASSIGNMENT OF MORTGAGE                                      Page 1 of 2

Loan No.: 0038534699
Investor No.: 1684592120

Signed on the __22__ day of __October__, __2019__.

Mortgage Electronic Registration Systems,
Inc. ("MERS") as nominee for Aegis          -Assignor
Mortgage Corporation DBA New America,
LTD its successors and assigns

By: _____

Printed Name: ____**JAY Z. GIBSON**____

Its: __Assistant Secretary__

## ASSIGNOR ACKNOWLEDGMENT

State of __Virginia__                    §
                                         §
County of __Virginia Beach__             §

The foregoing instrument was acknowledged before me this __October 22, 2019__.
by_____**Jay Gibson**_____, Assistant Secretary of  Mortgage Electronic Registration Systems,
Inc. ("MERS") as nominee for Aegis Mortgage Corporation DBA New America, LTD its successors and assigns
                                         , on behalf of said entity.

He/She is personally known to me or has produced _____
*[type of identification]* as identification.

(Seal)                          _____
                                Signature of Person Taking Acknowledgment

```
MICHELLE M. WILLIAMSON
NOTARY PUBLIC
REGISTRATION # 7564107
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
APRIL 30, 2021
```

____**MICHELLE M. WILLIAMSON**____
Name Typed, Printed or Stamped

____Notary Public____
Title or Rank

____7564107____
Serial Number, if any

EXHIBIT A

LOT 62, BLOCK 1, NORTH LAUDERDALE VILLAGE SECTION SIX, A SUBDIVISION ACCORDING TO THE PLAT OR MAP THEREOF DESCRIBED IN PLAT BOOK 98 AT PAGE(S) 40, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.